```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

JEANETTE KELTNER,              )
                               )
            Plaintiff,         )
                               )
v.                             )       Case No. CIV-13-167-RAW-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Jeanette Keltner (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on July 28, 1963 and was 49 years old at the time of the ALJ's decision. Claimant obtained her GED and completed three years of college courses. Claimant has worked in the past as a short order cook. Claimant alleges an inability to work beginning February 8, 2007 due to limitations resulting from left ankle, knee, and hip pain, left arm weakness, and diabetes.

**Procedural History**

On August 26, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On April 5, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Doug Gabbard, II in McAlester, Oklahoma. On June 6, 2012, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on March 4, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the opinion of Claimant's treating physician; and (2) failing to perform a proper credibility determination.

**Consideration of Mental Impairments**

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity and myoneural disorder. (Tr. 14). He also found Claimant retained the RFC to perform light work with only occasional climbing, balancing, kneeling, crouching, and crawling and with the ability to alternately sit and stand throughout the work day. (Tr. 15). After consultation with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of garment bagger, mailroom clerk, and sorter, which he determined existed in sufficient numbers in both the national and state economies. (Tr. 22).

Claimant first contends the ALJ failed to properly consider the opinion of Claimant's treating physician, Dr. Emory Hilton. On May 24, 2011, Dr. Hilton completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) form. Dr. Hilton had treated Claimant for some time for foot and ankle problems. He estimated that Claimant could lift/carry up to 10 pounds occasionally, could sit at one time for 1 hour, stand for 45 minutes, and walk for 30 minutes. He also found Claimant could sit for 2 hours, stand for 2 hours, and walk for 30 minutes in an 8 hour workday. (Tr. 594-95).

Dr. Hilton also found Claimant could use her feet occasionally to operate foot controls. (Tr. 596). Under Postural Activities,

5

Dr. Hilton determined Claimant could occasionally climb stairs and ramps and balance but never climb ladders and scaffolds, stoop, kneel, crouch, or crawl. (Tr. 597). Under Environmental Limitations, Dr. Hilton opined Claimant could occasionally be exposed to moving mechanical parts, dust, odors, fumes, and pulmonary irritants, and vibrations. She could never be around unprotected heights or extreme cold or heat. Claimant could be exposed to moderate noise. (Tr. 598).

Dr. Hilton also limited the activities in which Claimant could engage, finding Claimant could not perform activities such as shopping, could not walk a block at a reasonable pace on rough or uneven surfaces, and could not climb a few steps at a reasonable pace with the use of single hand rail. He also concluded Claimant's limitations had lasted or would last for 12 consecutive months. (Tr. 598).

The ALJ noted Dr. Hilton's statement but found that his limitation upon Claimant's ability to lift was "not supported by his treatment records, which show only that the claimant has problems with her feet and ankles." The ALJ also found Dr. Hilton's lifting limitations were not supported because "he deferred an opinion regarding the claimant's hands and wrists to Dr. Tuley." The ALJ noted that Claimant underwent a consultative

6

examination by Dr. Ronald Schatzman who found Claimant had normal range of motion of the hands and wrists and had 5/5 grip strength on the right and 4/5 grip strength on the left. As a result, Dr. Hilton's opinion was given "little weight." (Tr. 20).

Dr. Hilton's treatment notes from June of 2009 indicate Claimant was mildly tender over the anterior ankle and lateral sinus tarsi region. Her ankle range of motion was within normal limits and muscle strength was rated at 5/5. Postoperatively, Claimant's left lower leg and foot were grossly stable and well healed. (Tr. 475). A further treatment note from August of 2009 indicates Claimant was able to ambulate with a mild antalgic gait after surgery to repair a tendon in her left foot/ankle. He did not appreciate any acute deformity, swelling or signs of infection to the posterior lower leg and heel region. Muscle strength testing was 5/5 in all cardinal planes. Claimant was mildly tender with palpation along the longitudinal band of the plantar fascia sub mid arch region. Claimant stated that her preoperative anterior ankle pain was diminished significantly. Her pain was rated at a 4-5 out of 10. (Tr. 470).

In March of 2011, Claimant reported left ankle and heel pain. However, she also ambulated with an antalgic gait and only intermittently used pain medication. (Tr. 585).

The lifting restrictions placed upon Claimant by Dr. Hilton are not supported by his treatment records or by the deferred findings by Dr. Tuley. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id. Dr. Hilton's treatment notes and the remainder of the objective medical record do not support Dr. Hilton's functional limitations set forth in his assessment. His opinion was not entitled to controlling weight. The ALJ considered the opinion but nothing in the medical record provided the necessary support for the conclusions reached by Dr. Hilton. The ALJ did not err in failing to give the opinion weight. The ALJ did not entirely reject Dr. Hilton's findings – particularly in regard to Claimant's need to alternate positions throughout the workday. (Tr. 15). The reduced weight the ALJ afforded Dr. Hilton's opinions is supported by the record.

## Credibility Analysis

Claimant also contends the ALJ failed to properly consider her statements regarding pain. Claimant testified at the hearing that she has pain in her left shoulder, ankle, and experiences numbness in her left hand and arm. (Tr. 37). She stated that she could not sit or stand for long periods of time. However, she is able to load and unload the dishwasher, dust, fold laundry, play computer games, drive, shop, and handle utensils. (Tr. 37-42). She testified that sitting and standing cause her pain, yet she takes pain medication an estimated four times a week. (Tr. 43). Claimant testified to almost no use of her left hand including a limitation on her lifting of 5 pounds. (Tr. 43-45).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the

symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

This Court concurs with the ALJ's evaluation of the credibility of Claimant's statements concerning the level of her pain in light of the objective medical evidence in the record. As noted by the ALJ, Claimant clearly suffers some pain. However, the medical evidence does not support a finding a debilitating pain – no treating physician has increased her pain medication in spite of

her claims that her pain has increased. The consultative examination did not reveal the level of disability to which Claimant testified. Accordingly, this Court finds that the ALJ has sufficiently linked references to the evidentiary record with his findings of credibility to satisfy his obligation under this analysis. Thus, this Court finds no error in his evaluation of credibility.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 25th day of June, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE